**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

VICTOR MAXIMOVSKIKH, individually,
and on behalf of all others similarly
situated who consent to their inclusion

      Plaintiffs,

 v.

JOHNSON CONTROLS, INC.

      Defendant.

CASE NO:

Collective Action
Representation

## COLLECTIVE ACTION COMPLAINT

Plaintiff, Victor Maximovskikh, individually and on behalf of those similarly situated who consent to their inclusion in this collective action, sues the above captioned Defendant, Johnson Controls, Inc., for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. (the "FLSA") for failure to pay overtime compensation at a rate of 1.5 times the regular rate of pay for all hours worked over forty hours a week.  In support of this claim, the following is alleged:

### INTRODUCTION

1.	Under applicable employment law, a non-exempt employee must be paid premium overtime compensation for all hours worked over 40 in a workweek.

2.	Plaintiff and members of the class routinely worked over 40 hours per work week.  However, for certain hours over 40 in a work week, Plaintiff and members of the class were only paid straight time rather than premium overtime pay.

3.	Plaintiff does not qualify for any FLSA exemption as he was paid hourly.

**4.** This is a collective action on behalf of all field technicians of Defendants, who are or were employed by Defendant, to recover unpaid overtime for hours over forty in a work week which were not paid at the proper 1.5x premium overtime rate, and similar such relief in accordance with the Fair Labor Standards Act.  Based on information and belief, the Class consists of a nationwide collection of individuals.  More specifically, the class is believed to consist of hundreds of employees from all of Defendant's locations over the last three years.

## JURISDICTION AND VENUE

**5.** This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. §§ 216(b) and 217 because this action involves a federal question under the Fair Labor Standards Act.

**6.** This Court has original and personal jurisdiction over this action because the Defendant is engaged in business within the State of Florida and the actions complained of occurred in Florida.

**7.** Venue is appropriate in the Miami Division of the Southern District of Florida pursuant to 28 U.S.C. 1391(b) because the Defendant's principal address is within the division at 15901 SW 29th Street, Suite 801 in Miramar.

## THE PARTIES

**8.** At all times relevant to this action, the representative Plaintiff resided in Florida.

**9.** Plaintiff, Victor Maximovskikh, has been employed by Defendant starting in or around 2008 as a non-exempt, hourly employee.

**10.** Defendant, Johnson Controls, Inc. (hereinafter "Johnson Controls"), is a foreign, for-profit corporation organized and existing under the laws of Wisconsin, with its principal address at 5757 N. Green Bay Avenue, Milwaukee, WI 53209.

**11.**     Its registered agent for service in Florida is CT Corporation System, located at 1200 Pine Island Road, Plantation, FL 33324.

**12.**     During the times relevant to this Complaint, the Defendant has employed more than two employees and generated more than $500,000 in revenues for the years of 2010, 2011, 2012 and 2013.  Further, the Defendant, Plaintiff, and potential members of the class have engaged in interstate commerce.

**13.**     The Defendant qualifies for and is subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint. Said differently, the Defendant is subject to the Fair Labor Standards Act.

**14.**     At all relevant times the Defendant has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 207.

**15.**     Defendant employed Plaintiff and potential members of the class as an employee within the meaning of FLSA § 203.

<u>**GENERAL ALLEGATIONS**</u>

**16.**     Plaintiff brings this suit on behalf of a collective class of similarly situated persons:

> a. CLASS:  All employees who have worked for Johnson Controls as a field technician in the past three years preceding this lawsuit, who worked more than 40 hours in a given workweek at least one time and received anything less than 1.5x their regular rate of pay for the hours worked over forty in that workweek, and elects to opt-in to this action pursuant to FLSA 29 U.S.C. §216(b) (referred herein as the "Class")

**17.**     Plaintiff alleges on behalf of the Class who elect to opt-in to this action that they are entitled to unpaid overtime wages as required by 29 U.S.C. §207 in violation of 29 U.S.C. §216(b).

**18.**     As a result of Defendant's violations of the FLSA, Plaintiff and the Class were illegally under-compensated for their work.

**19.**     Defendant employed Plaintiff and purported members of the Class as a non-exempt, hourly technicians.

**20.**     Plaintiff was paid at an hourly rate for the entirety of his employment with Defendants.

**21.**     Though Plaintiff and purported members of the Class were paid for some overtime hours, they were not paid for all overtime hours.

**22.**     Specifically, regardless of the hours worked in a given week, Plaintiff and purported members of the Class were only paid regular time for hours spent traveling, or "travel pay."

**23.**     For example, if Plaintiff worked 70 hours in a workweek, but 54 of those hours were earmarked as "travel pay", Plaintiff would be paid 70 hours at his regular rate rather than 40 hours at his regular rate and 30 hours at his applicable overtime rate. This particular example can be seen in Exhibit A.

**24.**     Additionally, Plaintiff and purported members of the class were not compensated at all for travel time done on weekends.

**25.**     For all times applicable, Plaintiff was paid roughly $33.66 per hour.

**26.**     His applicable overtime rate is $50.49 per hour.

**27.**     Plaintiff was paid weekly.

**28.**      Plaintiff is forced to travel frequently for his job.  This travel time takes up several hours per week for which he is/was partly paid.

**29.**      Not paying an employee 1.5x the regular rate for overtime hours worked is a violation of the FLSA, specifically 29 U.S.C. §207.

**30.**      Defendants violated the FLSA by denying Plaintiff and purported members of the Class proper overtime compensation.

**31.**      The FLSA provides that, with certain exceptions, employers must pay employees overtime of at least one and one-half times their regular rate of pay for any hours over forty worked in a week. 29 U.S.C. S 207(a)(1). The Act exempts certain employees from the overtime requirements. However, an "employer who claims an exemption from the FLSA has the burden of showing that the exemption applies" s*ee Donovan v. Nekton, Inc.,* 703 F.2d 1148, 1151 (9th Cir. 1983).

**32.**      Pursuant to the FLSA, the test for white collar exemptions requires, among other elements, that an employee be paid at a salaried rate of $455 per week.

**33.**      Plaintiff was not a salaried employee.

**34.**      Although the FLSA provides for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

**35.**      Unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for work in excess of forty (40) hours per week.

**36.**      Further evidence reflecting the precise number of overtime hours worked by Plaintiff and purported members of the Class, as well as the applicable compensation rates, is in the possession of the Defendant.  If these records are unavailable, Plaintiff and purported members of the Class may establish hours worked solely by their

testimony, and the burden of overcoming such testimony shifts to the employer.  *See Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946).

**37.**     Plaintiff and purported members of the Class did not have the authority to hire employees, nor did they participate in the hiring process.

**38.**     Plaintiff and purported members of the Class did not have the authority to terminate employees nor did they participate in the termination process.

**39.**     Plaintiff alleges that the Defendants' failure to pay overtime was knowing and willful within the meaning of the FLSA (*i.e.* § 255) so as to cause the three year statue.

**40.**     All employers subject to the Fair Labor Standards Act must maintain and preserve certain records describing the wages, hours and working conditions of their employees.

**41.**     Failure to comply with the recordkeeping requirements is a violation of the FLSA for which criminal or civil sanctions may be imposed, whether or not the statutory violations exist.  See 29 U.S.C. §215(a)(5).  See *Dunlop v. Gray-Goto, Inc.* 528 F.2d 792 (10th Cir. 1976).

**42.**     Accurate records are not only required for regulatory purposes, they are critical to an employer's defense of claims that it violated the Act. An employer that fails to maintain the required records cannot avoid liability in a wage-hour case through argument that there is insufficient evidence of the claimed hours worked. See*Wirtz v.First State Abstract Ins. Co.*, 362 F.2d 83 (8th Cir. 1966); *Boekemeier v. Fourth Universalist Soc'y*, 86 F. Supp. 2d 280 (S.D.N.Y. 2000).  An employer's failure to maintain records may create a presumption in the aggrieved employee's favor. See *Myers v. The Copper Cellar Corp.*, 192 F.3d 546, 551.

**43.**     Plaintiff worked approximately 5.5 years for Defendant.

**44.**     The Defendant has not inquired with the Department of Labor seeking to establish or affirm that its pay practices were in compliance.

**45.**     The Defendant has not inquired with private legal counsel seeking to affirm that its pay practices were in compliance.   The Defendant knew it should be paying the Plaintiff and the purported members of the Class overtime for "travel pay" but refused to do so.

**46.**     Accordingly, the Defendant's actions were not in good faith and were willful, thus the Plaintiff and purported members of the Class are entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid, liquidated damages, and attorneys' fees under the FLSA's three year statute of limitations.

**47.**     Plaintiff and purported members of the Class were/are employees of the Defendant within the meaning of 29 U.S.C. § 203(e)(1).

**48.**     Plaintiff and purported members of the Class were simply not paid all of their owed overtime compensation; however, their work duties and pay dictate that they should have been classified and compensated as non-exempt employees receiving time and one half overtime pay.

## COLLECTIVE ACTION ALLEGATIONS

**49.**     Plaintiff brings this action on behalf of the Class as a collective action pursuant to the Fair Labor Standards Act § 216(b).

**50.**     The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of the members of the Class is unknown to the Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are at a minimum, hundreds of individuals in the defined Class.

**51.**     Plaintiff will fairly and adequately protect the interests of the Class and have retained counsel that is experienced and competent in class and collective actions. Plaintiff has no interest that is contrary to, or in conflict with, members of the Class.

**52.**     A collective action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

**53.**     A collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, the members of the Class likely will not obtain redress of their injuries, and Defendant will retain the proceeds of its violations of the FLSA.

**54.**      Furthermore, even if any member of the Class could afford individual litigation against the Defendant, it would be unduly burdensome to the judicial system. The instant methodology, when compared to voluminous individual actions, has fewer management difficulties and provides the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class, and provide for judicial consistency.

**55.**     There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole. The question of law and fact common to each of the Class members predominate over any questions affecting solely individual members of the action. Among common questions of law and fact are:

a.   Whether Defendant employed members of the Class within the meaning of the applicable provisions of the FLSA;

b.   Whether Defendant failed to pay Plaintiff and the members of the Class all overtime compensation due to them by virtue of failing to properly compensate Plaintiffs for at least one and one half times minimum wage;

c.   Whether Defendant failed to maintain and preserve accurate and true records of all hours worked and wages earned by the Class; and

d.   Whether Plaintiff and the Class have sustained damages, and if so, what is the proper measure of damages.

**56.**   Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

**57.**   Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute the FLSA claims as a collective action on behalf of those classified above and defined as the Class. Notice of the pendency and any resolution of this action can be provided to Collective Action Members by mail, print, and/or internet publication.

**58.**   Plaintiff brings this action as a collective action pursuant Section 216(b) of the FLSA.

## COUNT I – OVERTIME DUE UNDER THE FLSA

**59.**   Paragraphs 1 - 58 are realleged as if fully set forth herein.

**60.**   At all relevant times, the Defendant employed Plaintiff and purported members of the Class within the meaning of the FLSA.

**61.**   As stated herein, Plaintiff and purported members of the Class were improperly classified by the Defendant as exempt or simply not paid overtime compensation for all hours it applies; however, duties and pay dictate that Plaintiff and purported members of the Class should have been classified and compensated as non-exempt employees and paid overtime.

**62.**   The Defendant has a policy and practice of refusing, limiting, or failing to pay overtime compensation due to its non-exempt, hourly employees for the hours worked in excess of forty (40) hours per week.

**63.**     Defendant willfully refused to properly pay Plaintiff and purported members of the Class for travel pay, resulting in the failure to pay overtime.

**64.**     The Defendant's failure to pay overtime compensation to Plaintiff and purported members of the Class at a rate not less than one and one-half times the rate at which they were employed for work performed beyond the forty (40) hour workweek, is a violation of the FLSA, in particular 29 U.S.C. § 207 and §216.

**65.**     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

**66.**     Due to the Defendant's FLSA violations, Plaintiff and purported members of the Class have suffered damages and are entitled to recover from the Defendant the unpaid overtime compensation and an equal additional amount as liquidated damages, reasonable attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

**PRAYER FOR RELIEF**

**67.**     WHEREFORE Plaintiff prays for:

      a.  A Declaration that Defendant has violated the FLSA.

      b.  An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to §216(b) and that this notice be sent to all past and present employees of Johnson Controls at any time during the three year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice.

c. An order appointing Plaintiff as class representative to help facilitate court ordered mediation and their counsel to represent the Class.

d. An order enjoining Defendant from any further violations of the FLSA.

e. Interest.

f. An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA.

g. That the Court find Defendant in violation of the overtime compensation provisions of the FLSA against the Class for failing to pay overtime at a rate of time and a half, and order the Defendant to pay overtime at a rate of time and one half, for all hours the Plaintiff and opt-in members of the class worked in excess of 40 in a given work week, in the three years preceding the filing of this Complaint, along with liquidated damages, and all other relief available under 29 USC § 216, including attorney's fees and costs.

h. That the Court find that Defendant's violation of the FLSA was and is willful within the meaning of 29 USC § 255.

i. That the Court award Mr. Maximovskikh a collective action representative incentive fee for his efforts and time dedicated to bringing justice through this action; AND

j. That the Court award any other legal and equitable relief as this Court may deem appropriate.

### **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Dated this 7th day of October, 2013 and respectfully submitted by:

>/s/ R. Edward Rosenberg
>Dale J. Morgado, Esq.
>FL Bar No. 0064015
>R. Edward Rosenberg, Esq.
>FL Bar No. 0088231
>Feldman Morgado, P.A.
>100 North Biscayne Boulevard
>29th Floor, Suite 2902
>Miami, Florida 33132
>T: 305-222-7850
>F: 305-384-4676
>E: dmorgado@ffmlawgroup.com
>E:  erosenberg@ffmlawgroup.com
>
>Attorneys for Plaintiff